IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jacqueline Tennis, | ) | Civil No.: 4:10-cv-01186-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Orange Lake Country Club, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court pursuant to the Court's Sua Sponte Order to Show Cause why this case should not be remanded to the South Carolina Court of Common Pleas in Florence County. The Court has carefully reviewed the responses of counsel and the record in the case. For the reasons set forth below, the Court finds that remand is appropriate.

## I. <u>Background Facts and Procedural History</u>

This action is for the payment of wages arising out of an alleged breach of contract and acts of negligence by an employer. The Complaint was filed in state court on April 6, 2010. Plaintiff alleges in the Complaint that she is a citizen of the state of South Carolina. According to the Notice of Removal, Defendant is a Delaware limited liability company, which maintains its principal place of business in the State of Florida. The case was removed to this Court by the Defendant on May 10, 2010, and subsequently reassigned to the undersigned on August 20, 2010. The Court entered the Sua Sponte Order to Show Cause [Docket # 19] on August 25, 2010, because Plaintiff did not specify any monetary amount of damages in the Complaint or clearly allege that she intended to pursue damages adequate to satisfy the jurisdictional threshold of $75,000 at the time of filing the Complaint. Further, Defendant's Notice of Removal failed to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount.

## II.  Standard of Review

Removal statutes are strictly construed against removal, and any doubts concerning the propriety of removal must be resolved in favor of retained state court jurisdiction. *Marshall v. Manville Sales Corp.,* 6 F.3d 229, 232 (4th Cir. 1993).  In addition, "[t]he party seeking removal bears the burden of demonstrating that removal jurisdiction is proper." *In Re Blackwater Security Consulting, LLC,* 460 F.3d 576, 583 (4th Cir. 2006) (citation omitted). This includes establishing compliance with the removal statute requirements. *See Marler v. Amoco Oil Co.,* 793 F. Supp. 656, 658-59 (E.D.N.C. 1992). Courts must narrowly interpret removal jurisdiction because of the significant federalism concerns that are raised by removing proceedings from state court. *Id.*  Thus, all doubts are resolved in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *see also Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994).

## III.  Discussion

Defendant removed this case from state court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Under § 1441(a), a defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter.  Defendant bases federal jurisdiction on diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Under that statutory provision, federal district courts have original jurisdiction over a case if there is complete diversity of parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Although Plaintiff's Complaint requests an unspecified amount of actual and punitive damages, Plaintiff has stipulated in her Response to Defendant's Return to Sua Sponte Order to Show Cause [Docket # 25] that she is not seeking a sum exceeding $75,000. Specifically, "Plaintiff is willing to concede that her claim including treble damages, attorney's fees

and costs will be limited by stipulation to Seventy-five Thousand Dollars ($75,000) . . . [and] respectfully requests that the Court remand this matter based on Plaintiff's stipulation." *Id.*

Because Plaintiff's post-removal clarification is permissible and should be given effect, it is clear that Plaintiff will not and cannot recover damages in excess of the jurisdictional amount of $75,000.[1] "[I]f plaintiff has alleged only a small amount of damages or it is otherwise obvious that the jurisdictional amount under § 1332(a) cannot be satisfied . . . the court must dismiss the case outright for lack of jurisdiction." *Shanaghan v. Cahill,* 58 F.3d 106, 112 (4th Cir. 1995). Thus, this Court concludes that it lacks subject matter jurisdiction over this case and remand is proper.

### IV.  Conclusion

Based on the foregoing, this case is hereby **REMANDED** to the South Carolina Court of Common Pleas for Florence County.  A certified copy of this Order of Remand shall be mailed by the Clerk of this Court to the Clerk of the Court of Common Pleas, Florence County, South Carolina.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

Florence, South Carolina
September 14, 2010

---

[1] "[A] post-removal stipulation that damages will not exceed the jurisdictional minimum can be considered a clarification of an ambiguous complaint, rather than a post-removal amendment of the plaintiff's complaint." *Tommie v. Orkin, Inc.,* No. 8:09-1225, 2009 WL 2148101, at *1-2 (D.S.C. July 15, 2009) ("The complaint requests an unspecified amount of damages.  The court interprets [Plaintiff's] statement in the motion . . . as a stipulation that she cannot recover a total amount of actual and punitive damages exceeding the sum of $75,000.00 . . . . Accordingly, the court is without subject matter jurisdiction and remands the case to state court."); *see Ferguson v. Wal-Mart Stores, Inc.,* No. 4:94-2696, 1994 WL 653479, at *2 (D.S.C. Nov. 15, 1994).